**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ADELL PANNING,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>EUREKA COUNTY; et al.,<br><br>        Defendants - Appellees. | No. 12-17010<br><br>D.C. No. 3:10-cv-00643-LRH-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted January 16, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

   Adell Panning, an employee of Eureka County, appeals the district court's

grant of summary judgment only as to the County and County Commissioner

Michael Page on her 42 U.S.C. § 1983 claim for retaliation under the First

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment. Reviewing the district court's order granting summary judgment de novo, *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1056 (9th Cir. 2013), we affirm.

To prevail on a First Amendment retaliation claim, a public employee must show, among other things, that she suffered an adverse employment action. *Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009); *see also Coszalter v. City of Salem*, 320 F.3d 968, 970 (9th Cir. 2003) (holding that an adverse employment action is one "that is reasonably likely to deter employees from engaging in constitutionally protected speech").

In support of her claim that she suffered an adverse employment action, Panning offered evidence that Commissioner Page met with her to discuss his concern that her comments were perceived as an attempt to undermine another employee. During that meeting, her employer repeatedly disavowed any intention to discipline Panning, and instead merely urged her to be more tactful and "try to keep it as positive as you can." Panning's own evidence thus conclusively demonstrates that she was not subject to an adverse employment action. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 874–75 (9th Cir. 1998).

**AFFIRMED.**